# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

OSBALDO LEMUS BERRIOS,

    Plaintiff,

    v.

KEEFE COMMISSARY NETWORK, LLC
and LIONEL LOFLAND

    Defendants.

Civil Action No. TDC-17-0826

# MEMORANDUM OPINION

Self-represented Plaintiff Osbaldo Lemus Berrios, a prisoner incarcerated at Eastern Correctional Institution ("ECI") in Westover, Maryland, has brought this civil rights action pursuant to 42 U.S.C. § 1983 against Keefe Commissary Network ("KCN") and its employee, Lionel Lofland, alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Berrios alleges that Lofland assaulted him by throwing commissary items at him, which caused him pain and an ear infection that required hospitalization. Defendant KCN has filed two Motions to Dismiss in which it asserts that it is not a state actor and thus is not liable under § 1983. Defendant Lofland did not answer or otherwise respond to the Complaint. Berrios opposes the Motions to Dismiss and has filed a Motion for Summary Judgment. Having reviewed the pleadings and briefs, the Court finds that no hearing is necessary to decide these Motions. *See* D. Md. Local R. 105.6. For the reasons set forth below, Defendant KCN's Motion to Dismiss is granted, and Berrios's Motion for Summary Judgment is denied.

# BACKGROUND

Berrios alleges that on July 8, 2015, at approximately 10:00 p.m., Lofland arrived outside Berrios's cell at the Maryland Correctional Institution – Jessup ("MCIJ"), where Berrios was then incarcerated. Lofland, who was accompanied by MCIJ Correctional Officer ("C.O.") Omope, was there to deliver commissary items that Berrios had purchased from KCN. Upon receiving his delivery from Lofland, Berrios noticed that several bottles were leaking, and that a package of honey buns had been opened and was now saturated with liquid.

Berrios told Lofland that he would not accept the damaged items and that he wanted to be reimbursed for them. Lofland responded, "I don't give a fuck! You take it all, or you refuse all of it!" Supp. to Compl. at 2, ECF No. 7. Berrios repeated that he would not accept the damaged items. Berrios alleges that Lofland appeared to be under the influence of alcohol or drugs at this time.

C.O. Omope stepped in and told Lofland that he should give Berrios only the undamaged items. Lofland replied, "This is why I didn't want to come here and deal with these bitches! . . . You want this shit, take this shit!" *Id.* Lofland shouted racial epithets at Berrios. Lofland also began throwing bottles of hot sauce, Pepsi, shampoo, and hair conditioner. The bottles struck Berrios's head, stomach, and groin, causing him "loss of breath and extreme pain." Compl. at 2, ECF No. 1. The bottles also burst upon impact, covering Berrios with their contents. The hot sauce even spilled into Berrios's eyes and ears, which later caused him to develop an ear infection that necessitated hospitalization. When C.O. Omope intervened to stop the assault, Lofland turned on C.O. Omope and began throwing commissary items at him as well.

Berrios and C.O. Omope were later interviewed about the incident, and Officer Omope verified Berrios's account. Berrios further asserts that he was cleared of any wrongdoing after

correctional staff reviewed video surveillance of the assault. Berrios told correctional staff that he wanted to press criminal charges against Lofland, but nothing appears to have happened to further that request.

Berrios filed this civil rights lawsuit on March 27, 2017, asserting that KCN and Lofland violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment rights to due process and equal protection of the law. He filed a Supplement to the Complaint with an exhibit on April 26, 2017, which this Court accepted as an amendment to his original Complaint.

## DISCUSSION

KCN, the only Defendant that has responded to the Complaint, seeks dismissal on the grounds that KCN is a private corporation and therefore cannot be held liable under § 1983. Before addressing KCN's Motion, the Court will first address several other motions filed by Berrios.

### I. Preliminary Motions

#### A. Motion to Amend

On September 7, 2017, Berrios filed a Motion to Amend the Complaint, ECF No. 27, seeking to replace his original Complaint with a version submitted with the Motion. The Amended Complaint appears to be substantively the same as the original Complaint and the Supplement to the Complaint previously filed, except that this new version increases the amount in damages that Berrios seeks from $2.5 million to $5 million.

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id*.

The Motion to Amend was filed within 21 days of the filing of KCN's first Motion to Dismiss, ECF No. 20, which was filed on August 25, 2017. Accordingly, the Motion to Amend will be granted. Upon receiving the Motion to Amend, KCN filed a second Motion to Dismiss, ECF No. 29, responsive to the Amended Complaint. Accordingly, the first Motion to Dismiss, ECF No. 20, will be denied as moot.

### B. Motion for Appropriate Relief

In a Motion for Appropriate Relief, ECF No. 18, Berrios asks the Court to grant to his brother-in-law power of attorney to represent Berrios's interests in this case because Berrios expects to be deported to his native country of Guatemala. This Court does not grant power of attorney under these circumstances. The Motion will therefore be denied. Berrios may, if he chooses, grant his brother-in-law power of attorney to maintain this litigation by using the statutory limited power of attorney form provided by Md. Code Ann., Est. & Trusts § 17-203 (2014). It is not, however, appropriate for this Court to assign power of attorney on Berrios's behalf. Berrios is cautioned to consult competent legal counsel prior to executing any power of attorney.

### C. Motions to Subpoena Video, Investigation Records, and Medical Records

On July 14, 2017, this Court issued an Order requiring counsel for the Maryland Department of Public Safety and Correctional Services to search for surveillance video of Lofland's assault on Berrios and to take steps to preserve the video if found. In response, the

Office of the Attorney General of Maryland filed a status report stating that no such video could be found and provided a declaration under oath from MCIJ Chief of Security Carlos Bivens affirming that MCIJ has no such video in its possession. Berrios disputes the assertion that there is no surveillance video and has requested that this Court issue a subpoena requiring its production. Having received a sworn statement that the video is no longer available, the Court will deny this request as moot.

In addition, Berrios has filed a Motion to Subpoena Investigation Records and Medical Records, ECF No. 26, in which he seeks production of photographs of his injuries taken by correctional personnel and medical records from his hospital visit for the ear infection he contracted after the assault. Berrios's motions are in the nature of discovery requests. Because the Court has yet to rule on KCN's Motion to Dismiss, and thus has not yet issued a Scheduling Order, discovery has not yet commenced. *See* D. Md. Local R. 104.4. The Court will therefore deny both motions as premature.

### D. Motion to Add Information

In his Motion to Add Information, ECF No. 34, Berrios asks this Court to consider two attached exhibits when ruling on KCN's Motions to Dismiss: (1) a printout of KCN's Employee Safety and Security Procedures, which appears to be an excerpt of the KCN employee manual, and (2) the Notice of Inmate Rule Violation completed by C.O. Omope after Lofland's assault, accompanied by the record of the administrative adjudication of this Notice.

This Motion will be granted in part and denied in part. The notice and adjudication record were previously provided to the Court as attachments to Berrios's Supplement to the Complaint. The Court will consider them when ruling on the Motion to Dismiss because exhibits attached to a complaint are part of the pleading for all purposes. Fed. R. Civ. P. 10(c);

5

*see Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The printout from KCN's employee manual, however, was not previously provided and is not integral to the Complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (stating that a document is not "integral to the complaint" when the plaintiff's claims "do not turn on, nor are they otherwise based on, statements contained" in the document). The Court may not consider this material without transforming the Motion to Dismiss into a Motion for Summary Judgment, which is inappropriate at this juncture. *See* Fed. R. Civ. P. 12(d); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

## II. Motion to Dismiss

KCN seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) on the grounds that it is not a state actor and thus may not be sued under 42 U.S.C. § 1983. To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Section 1983 creates a cause of action against any person who, under color of state law, subjects someone within the jurisdiction of the United States "to the deprivation of any rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C.

§ 1983. Thus, Defendants may only be held liable under § 1983 if they were state actors. However, KCN, a private company, is not a government agency, and Lofland, its employee, was not a government employee. A private party may nevertheless be considered a state actor for purposes of a § 1983 claim under the following circumstances:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state," and § 1983 is inapplicable. *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

KCN, in its role as a provider of goods for purchase to Maryland inmates, does not engage in state action. *See Ryidu-X v. Md. Div. of Corr.*, No. WDQ-14-1735, 2015 WL 4095522, at *4 (D. Md. July 6, 2015) (dismissing an § 1983 claim against KCN because its contract to provide commissary items to prisoners does not render it a state actor). In carrying out its role, KCN executes neither a clear constitutional duty nor a traditionally and exclusively public function. *See DeBauche*, 191 F.3d at 507. Federal courts have routinely held that a vendor selling products to prisoners does not act under color of state law. *See, e.g., Bomer v. Access Catalog Co.*, 75 F. App'x 382, 383 (6th Cir. 2003). Indeed, numerous federal courts have concluded that KCN specifically, in its role as operator of prison commissaries, is not a state actor. *See Ahlgrim v. Keefe Grp., LLC*, No. 16-177 JB/GJF, 2016 WL 9819520, at *3 (D.N.M. Oct. 19, 2016) ("This Court has found no precedent . . . that holds that a private corporation acts under color of law by contracting with a state prison for the purposes of supplying commissary products to prisoners."); *Leatherwood v. Rios*, No. CIV-15-767-C, 2016 WL 7192684, at *4–5

(W.D. Okla. Oct. 13, 2016) (collecting cases and holding that KCN was not a state actor subject to suit under § 1983); *Kyles v. Keefe Commissary Network*, No. 14-cv-11907, 2015 WL 1637466, at *6 (E.D. Mich. Apr. 13, 2015) (same). Moreover, there are no allegations that Lofland's assault was coerced by state employees, such as correctional staff. Indeed, Lofland's ire was also directed at C.O. Omope. Therefore, KCN cannot be found liable pursuant to § 1983, and its Motion to Dismiss will be granted.

While Lofland has not filed an Answer or a motion seeking dismissal of the claims against him, it is not clear that he was properly served.[1] Even if Lofland had received service of process, however, a default judgment against him would be inappropriate. Because this Court has determined that KCN is not a state actor, Lofland, as a KCN employee, is not a state actor either. Section 1983 liability against him is therefore unavailable for the same reasons that it is unavailable against KCN. Berrios's § 1983 claim against Lofland will therefore be dismissed as well. *See Frow v. De La Vega*, 82 U.S. 552 (1872) (holding in a joint liability case that the same resolution of the case should apply to a defaulted party as was applied to the parties that appeared); *United States for the Use of R.F. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944–45 (4th Cir. 1967) ("Although *Frow* was a case of joint liability, we think the procedure established for multiple defendants" is "applicable not only to situations of joint liability but to those where the liability is joint and/or several"); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2690 (4th ed. 2016) (stating that *Frow* "probably can be extended to situations in which joint liability is not at issue but several defendants have closely related

---

[1] Lofland was served when the summons was left with a receptionist at the KCN office in St. Louis, Missouri. ECF No. 16. Neither the federal rules nor Maryland law allow for service of process at a defendant's place of business absent personal service. *See* Fed. R. Civ. P. 4(e); Md. Rule 2-121. Should Berrios seek to amend his Complaint, he will also need to provide the Court with Lofland's current address so that the United States Marshal Service can effect service.

defenses"). Furthermore, because Berrios's § 1983 claims cannot succeed against either KCN or Lofland, Berrios's Motion for Summary Judgment will necessarily be denied.

In ruling that Berrios cannot succeed on a § 1983 claim against KCN and Lofland, the Court recognizes that Berrios may have viable state law claims arising from the same set of facts. Absent federal jurisdiction, however, Berrios may not assert such claims in this Court. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (stating that federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis"). Thus, to the extent that Berrios would seek to assert such claims in this Court, he would have to establish diversity jurisdiction, specifically that neither KCN nor Lofland is a citizen of the same state as Berrios, and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. There must be a good faith basis to assert such an amount in controversy. *See Gauldin v. Va. Winn–Dixie, Inc.*, 370 F.2d 167, 170 n.1 (4th Cir. 1966). As for citizenship, because KCN is a limited liability company, it is considered to be a citizen of every state of which one of its members is a citizen. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) ("[D]iversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of 'all the members . . .'") (citing *Chapman v. Barney*, 129 U.S. 677, 682 (1889)). The Court takes no position on whether Berrios could establish diversity jurisdiction.

Nevertheless, the Court will refrain from dismissing this case immediately and will grant Berrios 21 days to file a motion to amend the complaint that attaches a proposed amended complaint that sufficiently establishes diversity jurisdiction and asserts viable state law claims. Failure to file such a motion within the designated time frame will result in dismissal of the case.

Alternatively, Berrios may file a new case with state law claims in state court without concern for federal jurisdiction. The Court makes no determination whether such a claim would be time-barred.

## CONCLUSION

For the foregoing reasons, Defendant KCN's Motion to Dismiss, ECF No. 29, is GRANTED. Berrios will be granted 21 days to seek leave to amend his Complaint. A separate Order shall issue.

Date: March 1, 2018

THEODORE D. CHUANG
United States District Judge