# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| OSBALDO LEMUS BERRIOS,<br><br>Plaintiff,<br><br>v.<br><br>KEEFE COMMISSARY NETWORK, LLC<br>and LIONEL LOFLAND,<br><br>Defendants. | Civil Action No. TDC-17-0826 |

## MEMORANDUM ORDER

Following this Court's Memorandum Opinion and Order dismissing constitutional claims against Keefe Commissary Network ("KCN") and its employee, Lionel Lofland, Plaintiff Osbaldo Berrios, a prisoner currently incarcerated at Eastern Correctional Institution in Westover, Maryland, has filed a Renewed Motion to Amend, ECF No. 40, in which he seeks to establish diversity jurisdiction over a state law claim against these Defendants. He has filed six additional motions in support of that Motion. ECF Nos. 41, 42, 47, 48, 50, and 51. In response, KCN filed memoranda in opposition to the motions. ECF Nos. 43 and 44. For the reasons set forth below, Berrios's Renewed Motion to Amend, ECF No. 40, will be GRANTED, and his remaining motions will be DENIED AS MOOT.

## BACKGROUND

Berrios asserts claims arising from a July 8, 2015 assault against him by Lofland, a KCN employee who was delivering commissary items purchased by Berrios from KCN when he was an inmate at the Maryland Correctional Institution Jessup ("MCIJ") in Jessup, Maryland. A dispute arose about whether Berrios could refuse delivery of certain damaged items. According to Berrios,

Lofland threw items from the order at Berrios including bottles of hot sauce, Pepsi, shampoo, and hair conditioner. Berrios has asserted that these bottles "exploded upon impact" and "[h]ot sauce went everywhere." Am. Compl. at 2, ECF No. 27-1. The contents of the hot sauce bottle spilled into Berrios's eyes and ears, resulting in an ear infection requiring hospitalization. The remaining items struck him in the stomach and testicles and caused him "difficulty in breathing and walking." *Id.* As relief, Berrios seeks $5 million in damages.

Because neither KCN nor Lofland were state actors for purposes of this incident, this Court granted KCN's Motion to Dismiss Berrios's original claims brought pursuant to 42 U.S.C. § 1983. The Court noted that "Berrios may have viable state law claims arising from the same set of facts," but stated that "[a]bsent federal jurisdiction . . . Berrios may not assert such claims in this Court." Mem. Op. at 9, ECF No. 35. The Court then granted Berrios leave to file a motion to amend the complaint to assert "viable state law claims" based on diversity jurisdiction. *Id.* In response to that directive, Berrios filed the pending motions.

## DISCUSSION

Contrary to the Court's instructions, Berrios has not attached a proposed amended complaint to his Renewed Motion to Amend. Nevertheless, because the viability of any amended complaint depends on whether Berrios can establish diversity jurisdiction for a state law tort claim, the Court considers Berrios's arguments relating to jurisdiction.

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and where the case is between (1) "citizens of different States"; or (2) "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. 1332(a) (2012). To establish diversity jurisdiction, a plaintiff must show that complete diversity exists between all plaintiffs and all defendants, meaning that no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332; *Lincoln*

*Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Thus, the Court must undertake a determination of the citizenship of all parties to this case.

I. **Diversity of Citizenship**

   A. **Berrios**

In the Renewed Motion to Amend, Berrios asserts that he is an undocumented immigrant from Guatemala. Because he is not a United States citizen, he is considered a "subject[] of a foreign state," not a "citizen[] of a State," for purposes of diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (stating that "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States *and* be domiciled within the State"). Foreign nationals who are lawful permanent residents of the United States are effectively treated as citizens of their state of domicile for purposes of diversity. Under 28 U.S.C. § 1332, "the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). By its express terms, this exception does not apply to undocumented immigrants because they are not "lawfully admitted for permanent residence." *Id.* Thus, Berrios must be considered a citizen of Guatemala, not Maryland, for purposes of diversity jurisdiction. *See, e.g., Assaf v. Trinity Med. Ctr.*, 696 F.3d 681, 685 n.1 (7th Cir. 2012) (stating that where the parties had agreed that the plaintiff was not admitted to the United States as a permanent resident, the court deemed him to be a citizen of Syria only, not of his state of residence, Illinois); *Collado v. Cancel*, No. 9:10-1870-MBS-RSC, 2010 WL 4038799, at *1-2 (D.S.C. Sept. 3, 2010) (holding that an incarcerated undocumented prisoner was a citizen of the Dominican Republic for purposes of diversity jurisdiction, and not of the state where he was

incarcerated or of the state where he lived prior to being incarcerated), *report and recommendation adopted*, No. CA 9:10-1870-MBS, 2010 WL 4038736 (D.S.C. Oct. 14, 2010).

The fact that Berrios is incarcerated in the State of Maryland does not alter this analysis. Prisoners are presumed to retain their pre-incarceration domicile, subject to a demonstration that they have the intent to remain in the state of incarceration or return to a different state. *See, e.g., Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010) (finding that the plaintiff's domicile remained unchanged because of the failure to rebut the presumption that the prisoner remained a citizen of his state of domicile before incarceration); *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977) (same); *Stifel v. Hopkins*, 477 F.2d 1116, 1119, 1126-27 (6th Cir. 1973) (finding that the district court should assess the evidence of changed domicile, including the prisoner's assertion that he would never return to his prior domicile because of the particularly heinous nature of his crime, which would subject him to scorn and hostility in his former community); *see also Roberts v. Morchower*, 956 F.2d 1163, 1992 WL 42885, at *1 (4th Cir. 1992). Such an inquiry, however, is not warranted where the prisoner is a foreign national not admitted as a lawful permanent resident. *See Collado*, 2010 WL 4038799, at *1-2. Even if such an analysis were appropriate for undocumented immigrants, there is no evidence that Berrios has renounced any intention to return to Guatemala. The Court therefore concludes that for purposes of diversity jurisdiction, Berrios is a citizen of Guatemala, not of Maryland or any other state.

### B. Lofland

As noted above, for purposes of diversity jurisdiction, an individual is a citizen of the state where the person is domiciled, which requires physical presence coupled with an intent to make the state a home. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Berrios has alleged that Defendant Lofland is a citizen of Maryland based on his residence in Glen

Burnie, Maryland. Although Lofland's residence alone is not enough to establish that he is a citizen of Maryland, Defendants have offered no evidence or argument to dispute the fact that Lofland is a citizen of Maryland. Thus, for purposes of an amended complaint, Berrios has demonstrated a sufficient basis to allege that Lofland is a citizen of Maryland.

C.   KCN

The citizenship of an unincorporated association—such as a limited liability company—is determined by looking not at where the association was formed or is headquartered, but at the citizenship of all its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) ("[D]iversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of 'all the members …'") (citing *Chapman v. Barney*, 129 U.S. 677, 682 (1889)); *Central West Virginia Energy Co. Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company … is determined by the citizenship of all of its members[.]"). In his Renewed Motion to Amend, Berrios states that he "was unable to definitively find and/or establish residency of each of the members of KCN." Renewed Mot. Amend at 2, ECF No. 40. Nonetheless, he details extensive efforts to ascertain the citizenship of KCN's members and alleges that none of its members maintain residency in the state of Maryland. Notably, KCN, in its response, has not disputed Berrios's assertion that KCN is not a citizen of Maryland. Rather, it states that KCN's principal place of business is in Missouri, does not identify the citizenship of any of its members, and generally asserts that Berrios has not done enough to establish subject matter jurisdiction. But where Berrios is self-represented and has limited resources as an inmate to determine the citizenship of each of KCN's members, and KCN has conspicuously failed to dispute that it is not a citizen of Maryland, the Court accepts Berrios's allegation as a reasonable inference upon

information and belief. Moreover, because Berrios is a subject of a foreign state and not a citizen of any State, diversity of the parties would exist even if KCN were a citizen of Maryland. *See* 28 U.S.C. § 1332(a)(2). Thus, the Court finds that for purposes of an amended complaint, Berrios has a basis to assert complete diversity.

## II. Amount in Controversy

As for the requirement of an amount in controversy of more than $75,000, Berrios seeks $5 million in damages. "The test for determining jurisdiction based upon the amount involved is primarily one of good faith." *Gauldin v. Va. Winn–Dixie, Inc.*, 370 F.2d 167, 170 n.1 (4th Cir. 1966). However, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Here, Berrios's claim for damages, though exorbitant, cannot be presumed to be made in bad faith for the purpose of manufacturing jurisdiction because he initially invoked this Court's federal question jurisdiction. Moreover, where he has alleged hospitalization as a result of the injuries he suffered, including an ear infection, the Court cannot conclude at the pleading stage that there is legal certainty that Berrios cannot recover more than $75,000.

## CONCLUSION

Because Berrios has demonstrated a sufficient basis to assert diversity jurisdiction, it is hereby ORDERED that:

1. Berrios's Renewed Motion to Amend, ECF No. 40, is GRANTED. Berrios may file a Second Amended Complaint limited to asserting state law tort claims based on diversity jurisdiction.

2. Because leave to amend has been granted, Berrios's remaining motions relating to establishing jurisdiction and amending the complaint, ECF Nos. 41, 42, 47, 48, 50, and 51, are DENIED AS MOOT.

3. Berrios may FILE a Motion for Appointment of Counsel within **21 days** of the date of this Order. If such a motion is granted, Berrios must FILE his Second Amended Complaint, within **30 days** of the appointment of counsel. If such a motion is not granted, Berrios must FILE his Second Amended Complaint, within **30 days** of the denial of the motion.

4. If Berrios does not file a Motion for Appointment of Counsel, he must FILE his Second Amended Complaint, within **30 days** of the deadline for filing such a motion.

5. Noting that Berrios did not comply with the Court's previous instruction to file a proposed amended complaint with his motion for leave to amend, the Court CAUTIONS Berrios that failure to comply with the terms of this Order and the stated deadlines will result in dismissal of this case without further notice.

6. The Clerk shall MAIL a copy of this Memorandum Order to Berrios.

Date: December 10, 2018

THEODORE D. CHUANG
United States District Judge